PER CURIAM,
Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.
I. HISTORY OF PROCEEDINGS
By order of September 25, 2013, the Supreme Court of Pennsylvania suspended W. Christopher Conrad for a period of 18 months, retroactive to August 22, 2012. This suspension was based on a criminal conviction for alcohol-related crimes. Mr. Conrad filed a petition for reinstatement on December 24, 2013. Office of Disciplinary Counsel filed a response on March 19,2014.
A reinstatement hearing was held on May 12, 2014, before a District IV Hearing Committee comprised of Chair Philip W. Zarone, Esquire, and Members Regina C. Wilson, Esquire, and Jill D. Sinatra, Esquire. Petitioner was represented by John E. Quinn, Esquire. Petitioner testified on his own behalf and introduced exhibits PE-A through PE-G.
Following the submission of a brief by petitioner, the *227 hearing committee filed a report on November 14, 2014 and recommended that the petition for reinstatement be granted.
This matter was adjudicated by the disciplinary board at the meeting on January 15, 2015.
II. FINDINGS OF FACT
The board makes the following findings of fact:
1. Petitioner is W. Christopher Conrad. He was bom in 1949 and was admitted to the practice of law in Pennsylvania in 1978. His current attorney registration address is 2700 Broadway Ave, Apt. 7, Pittsburgh PA 15216. Petitioner is subject to the disciplinary jurisdiction of the disciplinary board of the Supreme Court of Pennsylvania.
2. Petitioner was suspended on consent from the practice of law by the Supreme Court of Pennsylvania by order of September 25, 2013, effective August 22, 2012, for a period of 16 months.
3. That order of suspension resulted from petitioner’s conviction of DUI and alcohol-related crimes in the Court of Common Pleas of Allegheny County on April 6, 2011, which conviction had been certified to the Supreme Court by Chief Disciplinary Counsel and had been the subject of a rule to show cause proceeding. (N.T. 11)
4. Petitioner has a record of discipline in Pennsylvania. He received a private reprimand in 2008 with probation for a period of two years. The basis for the discipline was petitioner’s January 2007 guilty plea to one count of DUI. Petitioner violated his disciplinary board probation by subsequent DUI arrests and the instant conviction.
5. Following petitioner’s admission to the bar in *228 1978, he was employed as an Assistant District Attorney in Allegheny County from 1978 to 1998, rising to the position of chief of the homicide division. (NT. 15-16)
6. Petitioner unsuccessfully ran for Allegheny County District Attorney in 1998. He then went into private practice. (NT. 16-17)
7. Respondent remained in private practice from 1998 until his suspension in 2012. (NT. 16-19)
8. During the period from 1998 through 2012, petitioner was primarily engaged in private criminal practice, handling all types of matters through court appointments and private retention. He was also subcontracted by the City of Pittsburgh to defend its police officers in federal civil rights cases. (NT. 16-19)
9. Petitioner was a member of the Pennsylvania Bar Association and Association of Government Attorneys in Capital Litigation while a prosecutor. In 1997, he served as President of the Allegheny County Bar Association and as a Board Member of the Association of Government Attorneys in Capital Litigation. (NT. 20-21)
10. Petitioner is an alcoholic who has consumed alcohol regularly throughout his adult life. He started to drink heavily in approximately 2000. (NT. 22)
11. Petitioner has been sober since July 5, 2011. (NT. 22)
12. Petitioner checked himself into Gateway Rehabilitation in Beaver County for inpatient treatment for approximately three weeks after he was twice arrested in May and June of 2011 by the Mount Lebanon Police Department for various offenses. These arrests followed *229 petitioner’s April, 2011 conviction. (NT, 22-23)
13. Following his discharge from Gateway Rehabilitation, petitioner entered an outpatient program at Greenbrier Treatment in Robinson Township, Pennsylvania for eight weeks. The program consisted of treatment for five days per week, six hours per day. (NT. 23)
14. Both Gateway and Greenbrier are Alcoholics Anonymous (“AA”) related programs. (NT. 24)
15. Petitioner remains active in AA recovery, attending five to seven meetings a week and regularly attending the weekly lawyer meeting in Pittsburgh. (NT. 25-26)
16. Since March of 2012, petitioner has participated in bi-weekly cognitive therapy individual sessions with Robin Witt, a licensed professional counselor. (NT. 32)
17. At the time of the hearing, petitioner was participating in treatment at Cove Forge Behavioral Health as a result of a September 12, 2011 sentence from Judge David Cashman of Allegheny County on one of the criminal charges that was included in the joint petition for discipline on consent. (NT. 32)
18. Subsequent to the reinstatement hearing, disciplinary counsel confirmed with petitioner’s therapist at Cove Forge that he attended therapy until June 18,2014, had participated in group therapy while in attendance, and to the best of the therapist’s estimation, successfully completed the program, had by all observation remained sober, and expressed a serious desire to remain sober. (Cove Forge Letter dated August 19, 2014)
19. Petitioner intends to continue attending AA meetings five days a week and continue with his sobriety *230 efforts. (N.T. 25, 34)
20. Petitioner’s prospects for continued sobriety remain promising as long as he continues his current treatment.
21. As of the time of the hearing all of petitioner’s criminal matters had been resolved or dismissed. (N.T. 26,33)
22. There is no evidence that petitioner’s alcoholism resulted in any prejudice to a client.
23. Petitioner has shown remorse for his criminal conduct and the shame brought upon the bar and the legal community as a result of his actions. (N.T. 49, 57)
24. Attorneys Bryan Campbell, Patrick Tomassey, Bruce Carsia, and Joseph Paletta testified on petitioner’s behalf at a previous hearing in June 2012. These attorneys lauded petitioner’s expertise as both a prosecutor and a defense lawyer in the field of criminal law. (PE C-F)
25. Petitioner has no judgments or civil matters pending against him, his taxes are current, and he is receiving Social Security retirement benefits. (N.T. 38)
26. Petitioner has taken the requisite number of Continuing Legal Education (“CLE”) hours for reinstatement. (N.T. 35-37)
27. If reinstated, petitioner intends to resume private law practice. (N.T. 53-54)
28. Office of disciplinary counsel does not oppose reinstatement.
III. CONCLUSIONS OF LAW
1. Petitioner has met his burden of proof by clear and convincing evidence that he *231 has the moral qualifications, competency and learning in the law required for admission to practice law in the Commonwealth of Pennsylvania, Pa.R.D.E. 218(c)(3).
2. Petitioner has met his burden of proof by clear and convincing evidence that the resumption of the practice of law in the Commonwealth by petitioner will be neither detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. Pa.R.D.E. 218(c)(3)
IV. DISCUSSION
Petitioner seeks readmission to the practice of law in Pennsylvania following his suspension for a period of 18 months. Rule 218(c)(3) requires that a suspended attorney demonstrate by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law and that the petitioner’s resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.
A reinstatement proceeding is an inquiry into a lawyer’s present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgression which gave rise to the lawyer’s suspension but rather the nature and extent of the rehabilitative efforts made since the time the sanction was imposed and the degree of success achieved in the rehabilitative process. Philadelphia Newspapers. Inc. v. Disciplinary Board of the Supreme Court, 363 A.2d 779 (Pa. 1976)
Pursuant to Supreme Court order of September 25, 2013, petitioner was suspended for 18 months, retroactive to August 22, 2012, the date of his temporary suspension, *232 petitioner’ssuspensionwasbasedonhis criminal conviction in April 2011 for DUI and related offenses. Petitioner’s history with the attorney disciplinary system goes back to November 2008, when he was privately reprimanded for his conviction of one count of DUI. At that time he was placed on probation, which he subsequently violated on two occasions due to separate incidents of driving under the influence of alcohol. Petitioner’s misconduct caused great damage to his own reputation and the reputation of the bar.
Petitioner has accepted full responsibility for his misconduct and has expressed obvious and sincere remorse and regret. Petitioner’s misconduct occurred at a time in his life when he was addicted to alcohol and his misconduct is attributable to that addiction.
Petitioner sought recovery from alcohol addiction and the record amply supports the finding that he has been successful in his efforts. Petitioner participated in inpatient and outpatient treatment and has followed up with regular and committed participation in Alcoholics Anonymous and cognitive therapy with a licensed alcohol counselor. Petitioner has been continuously sober since July 5, 2011.
The record reflects that the focus and concern of the office of disciplinary counsel and the hearing committee at the reinstatement hearing was petitioner’s sobriety efforts. As to his competency and learning in the law, the evidence of record reflects that petitioner was an extremely talented and successful criminal lawyer, both in the prosecutor’s office and in private practice, and has kept abreast of developments in the law since the time of his suspension, as well as fulfilling the requisite number of CLE hours. The testimony of four lawyers was compelling and *233 persuasive that despite petitioner’s serious personal struggles with alcoholism and the related criminal activity, he was able to maintain a good reputation in the legal community for his skills and competency. If reinstated, petitioner intends to resume a private practice of criminal law, and the evidence suggests that he will have no trouble transitioning back to practice.
The complete record of evidence in this matter supports the conclusion that petitioner has achieved sobriety and is dedicated to that sobriety. We conclude that petitioner has met his burden of demonstrating that he is morally qualified, competent and learned in the law, and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.
For these reasons we recommend that the petition for reinstatement be granted.
V. RECOMMENDATION
The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, W. Christopher Conrad, be reinstated to the practice of law.
The board further recommends that, pursuant to Rule 218(f), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.
ORDER
And now, this 17th day of March, 2015, upon consideration of the report and recommendations of the disciplinary board dated February 12, 2015, the petition for reinstatement is granted.
*234 Petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement. Pa.R.D.E. 218(f).